# Metcalf v. Arnold.

*Bill in Equity by Judgment Creditor to annul Fraudulent Conveyance of Property to a Corporation Fraudulently Organized.*

1. *Fraudulent conveyance; fraudulent organization of corporation; sufficiency of bill to set aside conveyance thereto.*—A bill filed by judgment creditors, which alleges that their judgment debtors who did business as a firm, with the intention of hindering, delaying and defrauding their creditors, organized a corporation to which they conveyed all of the assets of the firm in payment of its capital stock, and with the same intention to defraud their creditors, parcelled out the stock of the corporation to themselves and their wives, and upon such averments prayed that the formation of the corporation be declared fraudulent and void as to the complainants, and the corporation be divested of all title acquired to the property conveyed to it by the judgment debtors, and that such property be subjected to the payment of complainants' judgment, sets forth a substantial cause of action, and is not demurrable as collaterally assailing the organization of the corporation, and seeking a forfeiture of its charter.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellees, who were judgment creditors, for the benefit of themselves and all other creditors of the Metcalf Drug Company, who might desire to come in and make themselves parties.

The bill avers that complainants recovered a judgment against H. B. Metcalf and F. G. Weatherly, who were doing business under the firm name of H. B. Metcalf, and that executions on each of said judgments were issued and returned no property found. It was further averred in the bill that after the debts which were the basis of the judgment in favor of each of the complainants were contracted, and while said H. B. Metcalf and F. G. Weatherly were indebted to complainants and

other creditors, the said H. B. Metcalf and F. G. Weatherly were conducting a drug business in the city of Montgomery, Alabama, and had a large stock of goods and assets in said business, none of which were exempt to them, or either of them; that after the creation of the indebtedness to the complainants, but prior to the rendition of the judgment in their favor, "the said H. B. Metcalf and F. G. Weatherly, with the intention to hinder, delay and defraud complainants and others of their creditors, attempted to form a corporation, with a capital stock of $8,000," and put into the said corporation as its only capital stock, the stock of goods, wares and merchandise and notes and accounts, which were the assets of the firm of H. B. Metcalf; that "said H. B. Metcalf and F. G. Weatherly, carrying out their hitherto formed intention of hindering, delaying and defrauding complainants and their other creditors, had the stock of said corporation, consisting of eighty shares, of the par value of $100 each, issued as follows: 36 shares of par value of $3,600, to A. P. Metcalf, the wife of H. B. Metcalf; 18 shares of par value of $1,800, to H. B. Metcalf; 17 shares of the par value of $1,700, to M. M. Weatherly, the wife of F. G. Weatherly; and 9 shares of the par value $900, to F. G. Weatherly."

It was further averred that the corporation so attempted to be formed was known and called the "Metcalf Drug Company," but that the said A. P. Metcalf and M. M. Weatherly, had no interest whatever in the effects put into the formation of the capital stock of said corporation; that all of said property put into the said corporation belonged to H. B. Metcalf and F. G. Weatherly, doing business in the firm name of H. B. Metcalf; and that the property so put into the corporation constituted all, or substantially all, of the property belonging to said firm and to each member thereof, upon which property the complainants had an equitable lien for the payment of their debts.

It was further averred "that on, to-wit, April 18, 1894, by a collusion between H. B. Metcalf and F. G. Weatherly and a small creditor of theirs, a judgment was allowed to be taken against the said defendants, H. B. Metcalf and F. G. Weatherly, in a justice court, for an amount less than one hundred dollars, upon which judgment execution was issued and levied upon seventeen

shares of stock in the name of H. B. Metcalf and eight shares in the name of F. G. Weatherly, and the said H. B. Metcalf and F. G. Weatherly, with the still further fraudulent intent of placing all their property beyond the reach of their creditors, allowed all of said shares to be sold at public outcry, and they pretended that said shares were bought in by their respective wives, but your orators allege, that in truth and in fact the amount so bid at such sale for said stock was paid by the said H. B. Metcalf and F. G. Weatherly.

The bill further averrred, "that according to the stock books of The Metcalf Drug Company, the said H. B. Metcalf now owns one share of stock and the said F. G. Weatherly owns one share of stock, but upon said stock books, notice is given that the one share of H. B. Metcalf is transferred as collateral security to his wife for a pretended debt, and the one share of F. G. Weatherly is transferred to his wife as collateral security for a pretended debt."

The prayer of the bill was for the issuance of an injunction restraining the defendants and each of them from disposing of, transferring or incumbering any of the property referred to in the bill, and for the appointment of a receiver of the goods, wares, merchandise and the notes, accounts and books of the Metcalf Drug Co., and "that on a final hearing of this cause, your honor will decree that the formation of said corporation was fraudulent and void as to your orators, and that the issue of stock and pretended interest therein of A. P. Metcalf and M. M. Weatherly is illegal and void as to your orators, and that your orators have a lien upon said property to the extent of debts due them, and that your honor will order a reference to ascertain the amount of debts due your orators and any other creditors who may come in and make themselves parties hereto ; and will order the receiver to sell and dispose of said stock of goods, and to collect the notes and accounts, and pay your orators out of the proceed thereof."

The respondents demurred to the bill and assigned many grounds, the substance of which were the following : 1st. The said bill seeks to forfeit the charter of the Metcalf Drug Company, and fails to show that it was not duly organized according to law. 2d. The bill seeks to forfeit the charter of the Metcalf Drug Com-

pany, and fails to set forth any grounds for the forfeiture of said charter. 3d. The bill seeks to condemn the assets of the Metcalf Drug Company to the payment of debts for which it is not liable. 4th. The bill shows on its face that the debts which are sought to be collected in this suit are due from H. B. Metcalf and F. G. Weatherly, as partners, under the firm name of H. B. Metcalf, and are not due from the Metcalf Drug Company, and yet the bill seeks to condemn the property of the Metcalf Drug Company, and not the property of said debtors. 5th. The bill seeks to fasten a specific lien on the goods, wares, merchandise, notes and accounts delivered in payment of the corporate stock in the Metcalf Drug Company, but fails to state that all, or any part, or what part of said assets were in the possession of the defendants, or any one of them, at the time of the filing of the bill in this cause.

On the submission of the cause on the demurrer, the chancellor overruled the said demurrer. The defendants appeal from this decree, and assign the same as error.

MARKS & SAYRE and JOHN G. WINTER, for appellant. The charter or right of a corporation to exist and exercise its functions can not be collaterally assailed for fraud, in procuring the charter, usurpation, non-user, forfeiture or any other cause. Such attack can only be made by a direct proceeding in a court of law, in the name of the State.—1 Pom. Eq. Jur., 171; *Lehman v. Warner*, 61 Ala. 455; *Sumter Co. v. Nat. Bank*, 62 Ala. 471; *Cen. A. & M. Asso. v. Ala. G. L. Ins. Co.*, 70 Ala. 133; *Sayre v. Glenn*, 87 Ala. 633.

2. Appellees allege that they have an equitable lien, on the stock of goods sold to the corporation, for the payment of their debts. The allegations of the bill show no right to a lien. Their idea evidently is that as the corporation was capitalized with assets formerly belonging to the firm, they, as firm creditors, have a lien which they can follow.—*Reese v. Bradford*, 13 Ala. 837; *Mayer v. Clark*, 40 Ala. 259; *Fitzpatrick v. Flannagan*, 106 U. S. 648; *Case v. Beauregard*, 99 U. S. 119; *Case v. Beauregard*, 101 U. S. 688; *Francklyn v. Sprague*, 121 U. S. 228.

3. The allegations in the bill that certain acts were

done with intent to defraud, or were fraudulent, or were collusive, are insufficient as being conclusions, and not statements of fact from which the conclusions would appear.—*Ft. Payne Fur. Co. v. Ft. Payne C. & I. Co.*, 96 Ala. 476.

GRAHAM & STEINER and TOMPKINS & TROY, *contra.*— The bill is simply a bill drafted by a creditor to set aside a fraudulent transfer by debtors of their property. It is not a bill which collaterally attacks the formation of the corporation and seeks to have its charter forfeited. It is simply an effort on the part of a creditor to follow assets, upon which he has an equitable lien, into the hands of parties who have no right whatever to them. And because the result of it would be to consume the entire capital stock of the Metcalf Drug Company, is no reason why there is no equity in the bill. How is it possible for the creditors of H. B. Metcalf and F. G. Weatherly to exercise their rights in any other manner than is here attempted? A judgment against them has been returned "no property found;" they have transferred their assets fraudulently to the Metcalf Drug Company, and hence the creditors have a perfect right to file such a bill as is here filed against all parties participating or interested in the fraud.

BRICKELL, C. J.—The demurrer was properly overruled. The bill is not, as is supposed by several of the causes of demurrer, a bill assailing collaterally the incorporation of the Metcalf Drug Company and seeking a forfeiture of its charter. It is a bill by judgment creditors, seeking the aid of a court of equity to remove obstacles and hindrances to the enforcement of their judgments, which the judgment debtors have fraudulently interposed. Whatever may be the character of the obstacle or hindrance; whatever may be the scheme or device to which the debtor resorts, it lies within the province of a court of equity to remove it. The formation of a corporation, investing it with the legal title to all the property and rights of property of the judgment debtors, and parcelling out the stock of the corporation to the debtors and their wives, may be a new device for hindering, delaying and defrauding creditors. The novelty of the device is not of consequence; the fraud of

[Louisville & Nashville Railroad Company v. Bouldin.]

its conception and consummation vitiates it, as fraud vitiates all transactions tainted with it. The bill does pray that the formation of the corporation be deemed fraudulent and void as to the complainants. Such a decree would be proper in granting to the complainants the full measure of relief to which they are entitled, if the allegations of the bill be true. But it would not work a forfeiture of the charter, or a dissolution of the corporation; it would simply be ancillary to the divestiture of the title to the property, liable to the debts of the complainants, with which it had been invested by the judgment debtors.

Let the decree of the chancellor be affirmed.