JACKSONVILLE CIGAR COMPANY, A CORPORATION ORGAN-
IZED AND EXISTING UNDER AND BY VIRTUE OF THE LAWS
OF THE STATE OF FLORIDA, APPELLANT, v. THOMAS M.
DOZIER AND A. P. WATKINS, APPELLEES.

It is a general rule that a director in a corporation occupies a
    fiduciary relation to the corporation and that he will not be
    allowed in equity to act in hostility to it, by acquiring for
    his own benefit a lease of the premises occupied by the cor-
    poration in carrying on its business, but will be treated as
    as a trustee of a lease thus acquired by him for the benefit
    of the corporation; but where it is provided in the lease
    that "the lessee shall not have the right to assign or sublet
    said premises or this lease, or any part or either, nor have
    any right or license or privilege other than herein set forth,
    except with the consent in advance, and in writing signed
    by the lessors," and where it further appears that the les-
    sors were before the execution of the lease requested by the
    agent of the corporation to lease to the corporation and not
    to lease to the lessee, and for reasons which are not
    explained the lessors nevertheless executed the lease to the
    lessee, and where the lessors are not parties to the bill, and
    the court cannot see that it would not be doing some injury
    to the interests of the lessors in enforcing the trust relation
    between the corporation and its director, a court of equity
    will not undertake to enforce such trust relation.

This case was decided by Division B.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*R. A. Baker,* for Appellant;

*Bryan & Bryan,* for Appellees.

HOCKER, J.: The Jacksonville Cigar Company, a corporation organized and existing under the laws of Florida, filed its bill on the 20th of July, 1906, in the circuit court of Duval county against Thomas M. Dozier and A. P. Watkins, wherein it is in substance alleged that on the 12th of May, 1905, the day on which complainant corporation was organized, it bargained for and bought of defendant Thomas M. Dozier a certain stock of goods and merchandise then located in the store room known as Number 209 West Bay street, in Jacksonville, Florida, consisting of cigars, tobacco, etc., together with the good will of said business, and also all of Dozier's right and title of, in and to a certain lease dated August 18th, 1900, for a term of three years of said premises from Julia S. Stockton to Dozier Brothers, the predecessors of defendant Dozier in business, then owned by him, and the additional term of three years from the 18th of August, 1903, granted by way of renewal of said original term, together with the good will of said business, for $18,000, the amount fixed as a just valuation of the assets of said business, in capital stock of complainant company; that at the time of the purchase defendants represented to the board of directors of complainant that Dozier had the promise of Stockton to renew said lease for another term of three years from August 18th, 1906, at an additional rental of $125.00 per month, and agreed to have said agreement put into writing by said Stockton, and that relying on said promise, as a part of the consideration, the purchase price was paid by the issuance of stock to Dozier, and complainants accepted a transfer of said stock of goods, etc., and went into possession, and are still in possession of the premises.

2. That on the 9th of December, defendant Dozier was a director of complainant company, elected and qualified on May 12th, 1905, to hold office until first annual election on the 8th of January, 1906, and until his successor was elected and qualified, and was on said day one of two managing directors of complainant company, entrusted with the control and care of the business interests of complainant, and on said day, 9th December, 1905, obtained a renewal of said lease in writing of said premises, viz: numbered 209 West Bay street, Jacksonville— then occupied by complainant, from Julia S. Stockton and her husband, W. M. Stockton, for a term of two years from 18th of August, 1906—said lease covering an addition to said premises and building, and by reason thereof the rental on said lease was increased to $200.00 per month, a copy of which lease is made a part of the bill; that defendant Dozier is still a director of complainant company.

3. That defendant Dozier now claims he holds the lease last mentioned as his individual property, and though requested has failed and refused to turn it over to complainant, and denies that complainant has any interest in it.

4. That defendant Watkins has guaranteed the payment of the rental of said lease and has caused delivery thereof to be mde to himself to secure him in his guaranty.

5. That defendant Dozier has attempted to sell said lease and deprive complainant of its rights, and if deprived of the use and occupation of the said premises complainant will be forced at great expense to remove its stock of goods on the expiration of its term of its present holding of said premises and be deprived of its right and

enjoyment of the good will of the business bought of said defendant.

The bill prays amongst other things, in substance, that defendant Dozier be decreed to have obtained said lease of said premises in trust for complainant, and that he and Watkins be required to surrender said lease to complainant, which is in equity the owner thereof; that an injunction issue restraining defendants from selling, transferring or assigning said lease, or interfering with complainant's possession until the further order of the court, and for a perpetual injunction, etc.

In the lease, made a part of the bill, executed by Julia S. Stockton and W. M. Stockton, her husband, to Thomas M. Dozier, signed and sealed by these parties, this provision occurs: "It is mutually understood and agreed that the lessee shall not have the right to assign or sublet said premises, or this lease. or any part or either, nor have any right or license or privilege other than hereinbefore, except with the consent in advance and in writing signed by the lessors."

Affidavits of C. W. Bartleson and J. G. Hahn were filed supporting the allegations of the bill. On the day the bill was filed a temporary injunction was issued by the judge of the circuit court in accordance with the prayer of the bill. On the 11th day of August, 1906, a motion was made to dissolve the injunction, and in support thereof the answer of Thomas M. Dozier was filed. In the answer he admits the sale substantially as alleged, but denies that at the time he represented to the directors of complainant that the Stocktons had agreed to renew the lease, and denied that he agreed to have them put the agreement in

writing, or that such alleged agreement formed any part of the consideration for the sale. He admits complainant's possession of the premises under the lease which expires August 18th, 1906. He admits that on December 9th, 1905, he was a director of the company, but denies that he was on that day in the management and control of complainant company, but alleges he was discharged on the 8th of December, 1905, without cause, in violation of his contract with the company, under which he was employed at a salary of $1,500.00 per annum. He admits he obtained a renewal of the lease on the 9th of December, 1905, as shown by exhibit "A" made a part of the bill, and avers that before he obtained the renewal, complainant, through C. W. Bartleson, secretary and treasurer of the company, had importuned the Stocktons to lease the premises to complainant and not to lease to him; that he was discharged from the management of the company on the counsel and advice of Bartleson, who was using the company and its premises for his own benefit; that he obtained the renewal of the lease for his own benefit and not that of complainant. He admits that defendant Watkins guaranteed the payment of the rentals on the lease, exhibit "A" made part of the bill, but avers he, Dozier, has the custody of the lease. Avers that he has been paying $50.00 a month since February 22nd, 1906, for the use of building in the rear of premises occupied by complainant, and that complainant has been using said building without paying rent, and without his consent; that it would be inequitable to require him to turn over to complainant the lease at $125.00 per month when he is to pay $200.00 per month for the premises leased.

The defendant A. P. Watkins answered and admitted

he has guaranteed the payment of the rental provided for in exhibit "A" to the bill, but denies he has possession of the lease, and avers that he has no knowledge of the matters set up in paragraphs one, two, three and five, and claims no interest in the subject-matter thereof. He avers he guaranteed the payment of the rentals for defendant Dozier individually and not for him as representing the complainant.

The defendants Dozier and Watkins at the same time submitted a demurrer to the bill, on various grounds, among them that the bill was without equity.

On the 13th of September, 1906, the motion to dissolve the injunction came on for a hearing, and at the hearing Bartleson filed another affidavit in support of the bill, in which, among other things, he states that in the month of June, 1906, he met W. M. Stockton at Dr. Mitchell's office in Jacksonville and talked with him about the renewal of the lease for the benefit of complainant, and that Stockton stated he had agreed to renew the lease to defendant Dozier, but that he would not renew for a longer period than one year, and desired to have the rent fixed annually. He further states that on December 2nd, 1905, he heard that Dozier was negotiating with Stockton to obtain a lease of the premises for himself individually; that he called upon Stockton, and Stockton admitted that Dozier was negotiating with him, and that he requested that the lease be made to complainant company, and that on the same day he saw Dozier and earnestly requested Dozier not to attempt to take the lease for the premises in his own name and benefit, but for the complainant, as he had agreed. He also states that Julia S. Stock-

ton is the wife of W. M. Stockton, and that the latter has charge of the rental of the premises in dispute as a means of revenue, and that said premises are only valuable for revenue. The affidavit, at considerable length states that Dozier was a director of the complainant corporation from its organization until the 8th of December, 1905, when at a meeting of the directors the resolution appointing Dozier as a member of the managing committee of two was attempted to be rescinded; that there was no quorum present, and the meeting was adjourned to the next day, the ninth, when the resolution was rescinded, of all which Dozier had .notice. The affidavit admits that Dozier was removed as general manager of the complainant company, the chief reason for which act was his conduct in reference to the lease. Many other matters are set up in the affidavit, but we do not deem it necessary to state them here.

The affidavit of W. E. Colton was also filed tending to support some features of the bill.

On the 13th of September, 1906, the judge heard the motion on the answers and affidavits and made an order dissolving the injunction and sustaining the demurrer to the bill. On the 8th day of October, 1906, the defendants made a motion to dismiss the bill. The complainant's solicitors acknowledged receipt of a copy of the motion, in which they state that they refuse to ask leave to amend or to amend the bill, and upon a hearing the court entered an order dismissing the bill. From this order the complainant company appeals to this court.

The contention of the appellant is that Dozier, being one of its directors, occupied a fiduciary relation to it;

that he will not be allowed to act in hostility to it by acquiring for his own benefit the lease of the premises in which the company was carrying on its business, and that in equity he should be treated as a trustee, holding said lease for its benefit, and that he and defendant Watkins should be required to surrender it to the company. There is no doubt that the doctrine sought to be applied is, as a general rule, sustained by the authorities. 3 Thompson's Commentaries on Law of Corporations, section 4009 *et seq.;* 2 Cook on Corporations (5th ed.), sections 648, 660. In 1st Vol. (Pt. 1.) White and Tudor's Leading Cases in Equity, 48 (*44) the leading case of Keech v. Sanford is given, with very extensive annotations. In that case, A being possessed of a lease of a market bequeathed it to B. in trust for an infant, B, before the expiration of the term, applied to the lessor for a renewal for the benefit of the infant. The lessor refused to grant such renewal, whereupon B got a lease made to himself. It was held that B was trustee of the lease for the infant, and must assign the same to him and account for the profits, but that he was entitled to be indemnified from the covenants contained in the lease. Lord Chancellor KING said: "I must consider this as a trust for the infant, for I very well see, if a trustee, on the refusal to renew, might have a lease to himself, few trust estates would be renewed to *cestui que* use." The notes show that the doctrine of the case has been frequently applied to directors in a corporation, to partners and others occupying fiduciary relations. It does not seem, however, that this doctrine has been enforced in its rigor to the extent of forcing upon a landlord an unacceptable tenant, except perhaps where infants

were involved; and in such case the trustee of the infant would seem to be the real person with whom the landlord would have to deal. It does not appear how his interests could be affected by dealing with the tenant as trustee of the infant, rather than in his individual capacity. The doctrine seems to be applied in those cases where the court can see that in enforcing the trust relation between trustee and *cestui que trust,* it is doing no injury to the interests of the landlord. This seems to be the doctrine of Featherstonhaugh v. Fenwick, 17 Vesey Jr. 298, text 312. The facts of the instant case are somewhat similar to those of the case of Crittenden & Cowles Co. v. Cowles, 66 N. Y. App. Div. 95. In that case it was held where one of the directors of a corporation which occupied a store under a lease assigned to it by a former lessee, applies to the landlord for a renewal lease, running to the corporation, and thereafter another director applies to him for a lease in his own name, and the landlord, after a full investigation, refuses to execute a lease to the corporation, and executes one to the latter director containing a provision against assigning or subletting, the corporation is not entitled to maintain an action against the director to secure the benefit of the lease, to the same extent as though it had been made to it, as the court has no power to compel the landlord to accept the corporation as a tenant against his will." In the case at bar it appears that Mr. Bartleson endeavored to get the Stocktons to renew the lease, or make a new lease, to the complainant corporation some time before the date of the lease to Dozier of December 9th, 1905. Dozier was also applying to the Stocktons for a lease. For reasons of which we are not

advised, the Stocktons did not lease to the complainant, but did lease to Dozier, and inserted in the lease the quoted clause against subletting the premises or the assignment of the lease without the consent of the lessors in writing. The Stocktons are not parties to this proceeding, and have been afforded no opportunity to assert their right to have the lease carried out by the lessee Dozier and the guarantor Watkins according to its terms. We are, therefore, unable to discover that the judge below erred in dismissing the bill.

The decree appealed from is affirmed at the cost of the appellant.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL, J., concur in the opinion.

WHITFIELD, J., not participating.