CHIPOLA VALLEY REALTY COMPANY, A CORPORATION, *Appellant,* v. J. L. GRIFFIN ET AL., *Appellees.*

Opinion Filed December 20, 1927.

*W. E. B. Smith* and *A. D. Daly,* for Appellant;

*J. Frank Adams* and *John H. Carter,* for Appellees.

CHILLINGWORTH, Circuit Judge:

This is a suit by a corporation against a former superintendent and a former director, to declare a trust and to require an accounting of the proceeds received from certain timber which was sold by the corporation to the superintendent in 1916. There were several other defendants, who were alleged to have purchased part of the timber or rights incident thereto, from the superintendent.

Answers were filed on behalf of the superintendent and the director of the corporation. The complainant corporation took testimony by deposition. The defendants presented no testimony. The bill was dismissed on final hearing.

The bill, briefly summarized, alleges that in 1916, the corporation owned certain land in Florida; that the corporation was a West Virginia corporation; that at the urgent solicitation and request of defendant Warren, the director, a conveyance of certain timber was made to defendant Griffin, the superintendent; that Warren represented that the only timber being conveyed was down timber; that the board of directors of the corporation at a meeting, held in West Virginia, authorized the sale only of "down timber"; that Warren was present at the meeting and said the timber was worth no more than four hundred dollars, and that the only timber being sold to the superintendent was "down timber"; that the officers of the corporation failed to read or closely examine the conveyance which they executed; that the corporation in fact sold all of its timber rights for a period of ten years in the lands described in the conveyance; that Griffin was only the nominal grantee and Warren the real beneficiary; that this was a fraud perpetrated by Warren, the director, upon the corporation; that Griffin later sold and conveyed por-

tions of the timber rights and received large sums of money; and that Warren received certain of the proceeds from Griffin, and that the conveyance should be set aside as a fraud upon the corporation.

The answer of the defendant Griffin alleges that two of the directors of the corporation, and also Warren, discussed the matter of the sale of the timber rights with him on the land in 1916; that they promised him the refusal of the timber rights on the basis of twenty-five cents an acre; that the next he knew, or heard anything of or about the proposition from any one, was when he received from the corporation a conveyance of the timber rights with the request for one hundred dollars in cash, and three promissory notes of one hundred dollars each to be executed by him; that he, Griffin, accepted the conveyance, paid the cash and delivered the notes; that thereafter he sold a portion of the timber rights and has received profits from the transaction; that the West Virginia directors were on the ground when he made the offer to them, and that they had been on the ground in Florida a number of times since then and had never questioned his purchase or conveyance, and had full knowledge of the facts when he bought the timber rights.

The answer of the defendant Warren states that he acted for no one else except the corporation; that it was understood by the officers of the corporation at the time of the execution of the conveyance that the timber rights described in the conveyance were being sold for four hundred dollars; that he had no interest in the transaction at its inception, and had no interest until some time some years later, when he assisted Griffin, the superintendent, in financing some of the operations of a saw mill and preparation of the timber for market; that the complainant knew, or ought to have known, from the reading of the contents, what timber rights were being conveyed; that the other directors had

many opportunities to go over the land, and had in fact visited the land and raised no objection to the transaction until some years later.

The answer contains certain affirmative matter, which under the provisions of Section 3121 of the Revised General Statutes of Florida, was denied by complainant. No testimony having been offered by the defendant, those portions of the answer can not be considered at the present time, for complainant's testimony does not substantiate them.

This Court held in Jacksonville Cigar Company v. Dozier, 53 Fla. 1059, 43 So. 523, that it is a general rule that a director in a corporation occupies a fiduciary relation to the corporation, and that he will not be allowed in equity to act in hostility to it, by acquiring for his own benefit a lease of the premises occupied by the corporation in carrying on its business, but will be treated as a trustee of a lease thus acquired by him for the benefit of the corporation.

While the burden of showing the validity of the contract and the fairness and honesty of his dealings with the corporation is on the director, officer or agent, yet a purchase by an officer or director of property from the corporation is not void, but voidable at the option of the corporation. 14a C. J. 112, 120.

It is obvious from the complainant's testimony, that if the president and secretary of the corporation had only read the conveyance they executed on behalf of the corporation they would have then instantly realized that the corporation was selling something more than mere ''down timber,'' and that the officers and directors of the corporation must have ascertained during the course of their inspection of the physical properties of the corporation and their negotiations looking to a settlement of its affairs, that the corporation had long since disposed of something more than ''down timber.''

Griffin, during all the years, made no attempt to conceal his purchase. He promptly placed his deed on record. He spoke of the saw mill operations, saying that "we were operating the mill. He spoke of "our timber" and "our timber rights" and in fact he held himself out to the corporation, directors and officers, and to every one else, so far as the record disclosed, as being the owner of the timber rights which were described in the conveyance executed in 1916. Griffin perpetrated no fraud on the corporation, and Warren was not acting as the agent of Griffin.

The bill of complaint was not filed until 1922. The complaint alleges that only recently before the filing of the bill it acquired information as to the fraud which had been practiced upon the corporation. The evidence does not establish any proper justification for a delay of six years.

It appears to be well settled that the right to relief against a director of a private corporation for breach of trust is barred by laches, where the complainant, with full knowledge of the material facts waits an unreasonable time before seeking relief. See 10 A. L. R. 370, and cases cited therein.

It is therefore our conclusion that there was no error in dismissing the bill.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.