FLORIDA BROGDEX DISTRIBUTORS, INC., a corporation, and B. C. SKINNER, et al., etc., *Appellants,* vs. M. J. HULSEY, Trustee in Bankruptcy for Skinner Machinery Company, a corporation, *Appellee.*

138 So. 728.

Division B.

Opinion filed November 27, 1931.

McKay, Withers & Ramsey, Morris E. White, and Mabry, Reaves & Carlton, of Tampa, for Appellants;

Watson & Saussy, of Tampa, for Appellee.

DAVIS, J.—This is a companion case to that of L. B. Skinner, et al., as Directors of Skinner Machinery Company, a corporation, vs. M. J. Hulsey, as Trustee in Bankruptcy for the Skinner Machinery Company, but the theory upon which relief is sought is different.

On November 8, 1927, appellee, M. J. Hulsey, Trustee in Bankruptcy for Skinner Machinery Company, filed his bill of complaint against L. B. Skinner, B. C. Skinner and B. W. Skinner, as members and constituting the Board of Directors of Skinner Machinery Company, a corporation, and Florida Brogdex Distributors, Inc., a corporation.

Briefly, the allegations of the bill are that defendants L. B. Skinner, B. C. Skinner and B. W. Skinner were on the 24th day of June, 1926, and for a long time prior and subsequent thereto, the Directors constituting the entire Board of Directors of the Skinner Machinery Company; that on June 24, 1926, the Skinner Machinery Sales Company was organized, and on or about the 17th day of January, 1927, its name was changed to Florida Brogdex Distributors, Inc.; that the assets of the Skinner Ma-

chinery Company are insufficient to pay the creditors of that Company in full and that the Skinner Machinery Sales Company (the name of which was later changed to Florida Brogdex Distributors, Inc.) had no assets or property rights of its own, but was primarily organized for the purpose of taking over, controlling and becoming the beneficiary of certain valuable assets of the Skinner Machinery Company; that the said Skinner Machinery Sales Company had no capital or other assets upon which to begin its business, except that which is obtained through and from the said bankrupt corporation, namely, Skinner Machinery Company; that both the Skinner Machinery Company and the Skinner Machinery Sales Company had the same Board of Directors and President, namely, L. B. Skinner, B. C. Skinner and B. W. Skinner; that the Skinner Machinery Sales Company constituted a business which was built up and made out of the capital moneys, property rights and other assets which belonged to the Skinner Machinery Company, or the increase thereof; that all of the stock of the Florida Brogdex Distributors, Inc., was owned by the three defendant Directors of the Skinner Machinery Company, and that in equity and good conscience such stock owned by the Skinners in the Florida Brogdex Distributors, Inc., should be considered an asset of the bankrupt which was capable of being reached by a suit in equity.

It will thus be seen that the theory of the present bill of complaint is to attack for the benefit of the creditors of a parent corporation, namely, Skinner Machinery Company, now a bankrupt, the organization of a subsidiary corporation by the Directors of the parent corporation, which subsidiary, namely, Florida Brogdex Distributors, Inc., is alleged to have taken over assets of the parent corporation to the great damage and injury to the same and its creditors inasmuch as the subsidiary corporation is charged with having had no assets when organized and

with having acquired its capital stock almost entirely from the assets of the parent corporation which is now bankrupt.

It is also the theory of complainants' bill that the accrued property holdings of the subsidiary Florida Brogdex Distributors, Inc., is in part the product of increase from the capital, moneys, assets and property rights of the parent corporation and that this has been accomplished by the subsidiary in appropriating rights of the parent corporation, using the same for its benefit, and in the building up of its reserve and property increase to the exclusion of and to the prejudice of the creditors of Skinner Machinery Company, the parent organization.

The prayers of the bill of complaint are that the stock of the three defendant Skinners in Florida Brogdex Distributors, Inc., may be decreed to be the stock holdings of the bankrupt corporation, and also that the business of the subsidiary corporation, its accruals and property increases may be decreed and held to be the business and property rights in equity of the Skinner Machinery Company, and as such subject to the administration of the trustee in bankruptcy.

Injunction and receivership relief *pendente lite* and discovery are also prayed for.

The court below overruled demurrers interposed to the bill of complaint by the several defendants thereto and the question on appeal is whether or not there was any error in such ruling.

The allegations of the bill of complaint in the instant case as to the circumstances surrounding the creation of the new corporation, Florida Brogdex Distributors, Inc., and its succession to the business of the old corporation, Skinner Machinery Company, are of such a character, if true as alleged, as to support the conclusion that the new corporation is a mere continuation, in part at least, of the old Skinner Machinery Company, and that in the

creation of the Skinner Machinery Sales Company, whose name was later changed to Florida Brogdex Distributors, Inc., the assets and business of the old corporation, Skinner Machinery Company, have been largely utilized by the successor corporation and thereby have been placed beyond the reach of creditors of the bankrupt.

In the creation of the new corporation the defendants, —directors of the old one, are also charged with having become the directors of the new and to have received individual benefits thereby from the business and assets of Skinner Machinery Company for which they should be required to account to the trustee in bankruptcy of the Skinner Machinery Company in the event that it is established as true as alleged that in the creation of the new company no new capital was put in by these parties from their own resources, but that the capital, or the greater part of it, of the new corporation has been made up entirely from assets and resources of the old Skinner Machinery Company to which the creditors of that company, but for the unlawful diversion alleged, would be entitled to look for the satisfaction of their debts.

Such allegations as the foregoing are sufficient to withstand a general demurrer to the bill of complaint for want of equity, and to require an answer from the parties against whom such allegations are made. See Smith v. Smith Sturgeon & Co., 125 Mich. 234, 84 N. W. 144; Metcalf v. Arnold, 55 Am. St. Rep. 24, 110 Ala. 180; McEwen v. Kelly, 140 Ga. 720, 79 S. E. 777; Jacksonville Cigar Co. v. Dozier, 53 Fla. 1059, 43 Sou. Rep. 523; Williams v. Commercial Natl. Bank, 90 Pac. 1012, 11 L. R. A. (N. S.) 857; Chipola Valley Realty Co. v. Griffin, 94 Fla. 1151, 115 Sou. Rep. 541; In re: Jamaica Slate Roofing & Supply Co., 200 Fed. 460.

As we have pointed out, the theory of the complainant's right to the relief he seeks is that the Florida Brogdex Distributors, Inc., and the defendants, L. B.

Skinner, B. C. Skinner and B. W. Skinner, as the beneficial owners thereof, have become possessed of assets which in equity and good conscience should be applied to the satisfaction of the claims of the creditors of the Skinner Machinery Company. Whatever recovery the trustee may have in such a suit necessarily depends upon the character and degree of proof which he may be able to offer in support of his claim, the allowance of any part, or all, of which will depend entirely upon the character and extent of the injury which may have been done to the creditors of the Skinner Machinery Company by the transactions complained of, if any. Vance v. McNabb, 92 Tenn. 47, 20 S. W. 424; Williams v. Commercial Natl. Bank, 90 Pac. 1012, 11 L. R. A. (N. S.) 857.

The bill of complaint was specifically amended to allege that practically all of the creditors of the Skinner Machinery Company were in existence and were then creditors of the said Skinner Machinery Company at the time of the organization of the subsidiary Skinner Machinery Sales Company, and that their claims constitute and were all outstanding liabilities and indebtedness when the Skinner Machinery Sales Company was organized and the alleged diversion of assets, business, moneys and properties occurred.

The assets of a fraudulently formed corporation may be reached by the creditors of the corporation upon which such fraud was practiced in the formation thereof by a proper bill in equity upon the theory that the creditors of the corporation defrauded have a lien upon the assets transferred to the fraudulently formed corporation for the amount of their claims against the first corporation enforceable in a court of equity. San Francisco, etc., R. R. Co. v. Bee, 48 Calif. 398; Metcalf v. Arnold, *supra*.

In a case falling within the purview of the foregoing rule the fraudulent nature of the transaction may be found to exist in the transfer of assets of a corporation

without consideration or for grossly inadequate consideration to a successor corporation to the prejudice of creditors for the benefit of the same individuals who constitute the beneficial owners of each of the corporations involved. So an allegation describing such a transaction as that just referred to and showing that its effect is *necessarily* to deprive creditors of the parent corporation of rights in assets properly belonging to that corporation, which have been transferred to its subsidiary or successor corporation without consideration, or grossly inadequate consideration, by directors who control both corporations, is sufficient to constitute the statement of an equitable claim on behalf of creditors which is cognizable in a chancery court, even though the word "fraudulent" is not used as descriptive of the transactions involved, nor any personal fraud shown to have been intended by the individual directors concerned.

From what has been said it follows that the demurrers in the instant case were properly overruled.

Orders overruling demurrers affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.