HOBSON, Justice.
Appellee, Crown Paint, Inc., sued its former president, .appellant Robert Popper, Jr., and Pan American Trading & Trapping, Inc., to impress a trust upon certain property in Dade County which had been purchased by Popper and later- transferred to the corporate defendant.
The case was tried before the chancellor who made findings and entered a final decree favorable to the plaintiff. Appellants do not challenge the findings made by the chancellor, but they contend that the evidence lacked the convincing character required for the raising of a trust in a case of this nature. Tillman v. Pitt Cole Co., Fla., 82 So.2d 672.
The plaintiff corporation was formed in about 1946,, and has been engaged in the business of selling paint and related supplies in Dade County. - Appellant Popper was president, a director, a holder of one third of the issued stock, and the general manager and operating head of the company. His father-in-law, one Cantor, controlled two thirds of the stock and was a director and secretary of the corporation. In 1951 Popper and Cantor began to discuss the purchase of a site upon which to expand the corporate operations. The chancellor’s findings continue the story as follows:
“The evidence reflects that in November, 1952, pursuant to a telephone call from Popper, Cantor came to Miami for the purpose of looking at the site selected by Popper for the expansion program. The real estate agent was- interviewed, the property inspected by both, and Cantor returned to Néw Jersey with the admonition to Popper that if the property was to be purchased it should be purchased with a corporate check and taken in the corporate name. Instead, Popper purchased in his own name in January, *706 1953. Subsequently, an engineer was retained by corporate check to draw plans for a building and sidings for the corporation. Meetings Were Held Among The Supervisory Employees Of The Corporation for the purpose of advising as to the layout of the new building on the site, these meetings being attended by Popper and with the knowledge of Cantor, large tanks were stored on the site for future use' for the corporation and purchased with corporate funds, and Popper encouraged the belief that the corporation was to be the benefactor of the purchased land.
****** “Nothing was done by Popper to advise the Corporation of his intentions regarding title to the land. The only other voice which could be heard on the corporation’s behalf was Cantor’s, and Popper admits that he never advised him of the manner in which title was taken. Cantor did find out in May, 1953, and states, that despite his frequent requests that title be changed to the corporate name, Popper kept pursuing a ‘don’t get excited’ attitude, and it was here that Cantor could have been more aggressive and affirmative. In the meantime, however, Popper conveyed to a third corporation in March, 1953, but did not record the deed until 1955. No reasonable explanation by Popper is forthcoming on this score, notwithstanding the fact that Mrs. Popper (Cantor’s daughter) joined in this conveyance.”
While, as appellants contend, the land selected might not have been “of the utmost importance to the welfare of the corporation”, as in News-Journal Corp. v. Gore, 147 Fla. 217, 2 So.2d 741, 745, the record is clear that the land was to have been acquired for a valid and significant corporate purpose. On review of the whole record, we are of the opinion that the evidence before the chancellor justified the conclusion which he reached, and that it meets the test which the law prescribes for cases of this nature.
The judgment appealed from is affirmed.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.