105 So.2d 20 (1958)
J.I. HACKLEY, O.K. Hackley, and Ada Hackley, Appellants,
v.
Harry M. OLTZ, Harold F. Oltz, Roger D. Oltz, and Ar-Tik Systems, Incorporated, an Indiana corporation, Appellees.
No. 57-157.
District Court of Appeal of Florida. Third District.
September 18, 1958.
*21 Hendricks & Hendricks, Miami, for appellants.
Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellees.
PEARSON, Judge.
The appellants were plaintiffs in the trial court. They brought a complaint in chancery alleging that they are the owners of some 40% of the stock of defendant, Ar-Tik Systems, Incorporated, an Indiana corporation. The remaining defendants were the three directors of the corporation, who are also the owners of the remaining 60% of the stock of the corporation. The complaint *22 charged that the individual defendants, from the year 1946, acting as directors, had caused the corporation to pay the individual defendants, "exorbitant and excessive bonuses and salaries from the assets of the corporation, in complete disregard of the actual service required." The prayer was that the individual defendants be required to account to the corporation for all sums that have been paid to them as bonuses and compensation in amounts that have not been reasonably commensurate with their services, and other relief.
At the close of plaintiffs' evidence upon trial of the cause the court granted a motion of the defendants for a decree dismissing the cause upon the ground that on the facts and the law the plaintiff had shown no right to relief. See Florida Rules of Civil Procedure, Rule 1.35(b), 30 F.S.A. In the final decree the chancellor set out his findings as follows:
"1. That the Court has jurisdiction of the parties and the subject matter of this cause.
"2. That the pleadings, and evidence adduced in this cause demonstrate that the plaintiffs have not established by competent evidence fraud and waste of the assets of the defendant, Ar-Tik Systems, Incorporated, by the defendants, Harry M. Oltz, Harold F. Oltz and Roger D. Oltz.
"3. That the pleadings, and evidence adduced before the Court in not showing fraud or waste of the assets of Ar-Tik Systems, Incorporated, entitle the defendant to a final decree dismissing the complaint as brought on behalf of the defendant corporation. The defendant, Ar-Tik Systems, Incorporated, is thereby not entitled to have the defendants, Harry M. Oltz, Harold F. Oltz, and Roger D. Oltz, return any salaries or bonuses paid in the past, nor an injunction preventing the payment of excessive salaries or bonuses in the future.
"4. The question of compulsory payment of dividends has not been considered by the court in this action.
"5. The Court is of the opinion that the amounts of salaries and bonuses paid the defendants, Harry M. Oltz, Harold F. Oltz, and Roger D. Oltz, in the past have been high and probably excessive and were properly criticized by the plaintiffs in the institution of this action. That the prosecution of this action on behalf of the defendant, Ar-Tik Systems, Incorporated, has benefited the defendant corporation to the extent that Ar-Tik Systems, Incorporated should be required to pay the costs and attorneys' fees incurred by the plaintiffs on behalf of the defendant corporation in the institution of this suit."
The final decree then dismissed the cause but allowed plaintiffs' attorneys a fee of $5,000 and assessed the same, together with the costs of the proceedings against the corporate defendant. From this final decree the plaintiffs appeal and assign as error the dismissal of the complaint and the defendants have filed cross-assignments of error directed to the allowance of the attorneys' fee and to the assessment of costs. The controlling question, therefore, is whether the evidence of the plaintiff failed to show a right to any relief. We hold that the court improperly dismissed the cause and that the allowance of attorneys' fee and costs must await the final determination of the cause upon completion of the trial.
It is apparent from the above quoted portions of the final decree that the chancellor based his decision upon the conclusion that it was necessary for the plaintiffs to prove actual fraudulent intent on the part of the individual defendants in order to escape an order in the nature of a directed verdict.
The Supreme Court of Florida in the recent case of Flight Equipment & Engineering *23 Corp. v. Shelton, Fla. 1958, 103 So.2d 615, 626, which opinion was not available to the chancellor at the time of his decision, held:
"An officer or director occupies a quasi-fiduciary relation to the corporation and the existing stockholders. He is bound to act with fidelity and the utmost good faith. He is bound to be loyal to his trust. In accepting the office he impliedly agrees and undertakes to give the corporate enterprise the benefit of his best care and judgment and to exercise the powers conferred on him solely in the interests of the corporation and the stockholders. Tampa Water Works Co. v. Wood, 1929, 97 Fla. 493, 121 So. 789; LeMire v. Galloway, 1937, 130 Fla. 101, 177 So. 283; Orlando Orange Groves Co. v. Hale, 1932, 107 Fla. 304, 144 So. 674; Hayes v. Belleair Development Co., 1935, 120 Fla. 326, 162 So. 698; Skinner v. Hulsey, 1931, 103 Fla. 713, 138 So. 769; Chipola Valley Realty Co. v. Griffin, 1927, 94 Fla. 1151, 115 So. 541."
It is undisputed that the salaries were fixed by the directors, and the bonuses were also fixed by the directors by the use of a formula which provided for the payment of bonuses equal to approximately 20% of the income from royalties. It will be observed that the formula makes no reference to services rendered to the corporation by the directors. Referring again to the case of Flight Equipment & Engineering Corp. v. Shelton, supra, 103 So.2d at page 624, we find the following statement of law:
"Corporate officers have ample opportunity, as did the plaintiff in this case, to have their salaries fixed or adjusted before they render their services and before they draw their salaries. It is not burdensome or unfair to require them to do so.
"And where the compensation to be paid an officer is expressly set forth in a contract or in the corporate minutes he cannot recover or draw additional compensation, in the absence of additional authority for such. However, an officer may be entitled to additional compensation for services rendered the corporation, which services are extraordinary and not within the scope of his duties as such officer, where it is clearly shown that the services were of benefit to and accepted by the corporation and were rendered under such circumstances as to clearly imply an agreement to pay therefor on part of the corporation."
We conclude, therefore, that it was not necessary for the plaintiffs to prove fraud on the part of the individual defendants in order to be entitled to relief. If the chancellor should be convinced by competent legal evidence that the individual defendants have themselves increased their compensation beyond a reasonable recompense for their labor, then the plaintiffs may be entitled to equitable relief. See News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741.
We are further pursuaded to the view that the cause should not have been dismissed at the completion of the plaintiffs' evidence because of the finding of the chancellor that the salaries and bonuses paid the individual defendants were "high and probably excessive and were properly criticized by the plaintiffs in the institution of this action. That the prosecution of this action * * * has benefited the defendant corporation." Such a finding is tantamount to a finding that there was equity in the complaint which equity is supported by plaintiffs' evidence. In this connection it should be noted that the plaintiffs did not allege fraud as a basis for their action. It was alleged that the payments by the directors to themselves were excessive and unwarranted by the services rendered. The court properly denied a motion to dismiss directed to the complaint. A review of the evidence convinces *24 us that the plaintiffs presented sufficient evidence to establish a prima facie case. At this point the burden of going forward with the evidence shifted to the defendants. See Baker v. Cohn, Sup. 1942, 42 N.Y.S.2d 159, 166 and cases cited therein.
It is not necessary to discuss the cross-assignments of error directed to the allowance of attorneys' fees and costs against the corporate defendant, since the order dismissing the cause must be reversed. These matters may be more fully considered by the chancellor when viewed in the light of further proceedings in this cause.
Therefore, the order dismissing the cause at the close of the plaintiffs' evidence is reversed and the cause remanded with directions to the chancellor to set aside said order and proceed with the trial of the cause. Nothing contained in this opinion shall be taken as prejudging the merits of the case upon the completion of the evidence presented by all the parties.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON, J., concur.