PER CURIAM.
The plaintiffs appeal from a final decree, entered by the chancellor at the conclusion of trial, denying relief upon their complaint. The suit sought to rescind, upon the ground of fraud inherent in the transactions, the sale of each plaintiff of his stock in Riddle Airlines which was purchased by John Paul Riddle. The complaint alleged that at the time of the sales, Riddle, as president, owed to the plaintiffs, as stockholders, a duty to make a full disclosure to them of all information he possessed as to the condition of the corporation. The claimed ground for rescission, in each instance, is that at the time of the sale the defendant Riddle knew that Arthur Vining Davis, a wealthy investor, had embarked upon a plan to purchase stock in the corporation, and that Riddle failed to inform the plaintiffs of this fact, whereby they sold their stock for a lesser price than they would have obtained had they known the true circumstances.
It cannot be doubted that in Florida an officer of a corporation occupies a quasi-fiduciary relation to the corporation and the stockholders. Flight Equipment & Engineering Corp. v. Shelton, Fla.1958, 103 So.2d 615, 623, 626; Hackley v. Oltz, Fla.App.1958, 105 So.2d 20, 23; Etheredge v. Barrow, Fla.App.1958, 102 So.2d 660, 662. The question, however, of whether a corporate officer is bound to make a full disclosure to a stockholder of all the information known to the officer which may affect the selling price of stock before the officer purchases the same from a stockholder, is not presented by this appeal. See Westwood v. Continental Can Co., 5 Cir., 1935, 80 F.2d 494.
The chancellor made extensive findings, reviewing the testimony of the witnesses before him and included in his conclusion from the evidence: “ * * * that there was no agreement or arrangement for investment by Mr. Davis, such as the plaintiffs alleged, in existence on March 31, 1955, * * Thereupon, the court found that no factual basis existed for the claimed rescission or for any other relief. The appellants disagree with most of the chancellor’s findings and they hold it is in *410 credible that Riddle, the president of the corporation, did not know of the impending purchases by Mr. Davis at the time Riddle bought plaintiffs’ stock on March 25th and March 28th, because Mr. Davis purchased the first of several large blocks of stock in the corporation on April 1st. This argument, although a forceful one, is unavailing in view of the chancellor’s specific findings. The inquiry upon this appeal is whether the evidence of fraud before the chancellor was so clear and convincing that error was made to appear clearly upon the finding that it was not proved. King v. King, Fla.1959, 111 So.2d 33; Davis v. Davis, Fla.1957, 98 So.2d 777. With this question in view, we have examined the briefs and the record and hold there was adequate evi-dentiary basis for the chancellor’s conclusion.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.
CARROLL, CHAS., J., dissents in part.