541 F.2d 1086
 Jack FARBER, personally, and as a shareholder of Servan Land
Corp., Inc., on behalf of the corporation,
Plaintiff-Appellant,
v.
SERVAN LAND COMPANY, INC., Charles S. Serianni and A. I.
Savin, Defendants-Appellees.
Jack FARBER, personally, and as a shareholder of Servan Land
Corp., Inc., on behalf of the corporation,
Plaintiff-Appellant,
v.
SERVAN LAND COMPANY, INC., Charles S. Serianni and A. I.
Savin, Defendants-Appellees.
 Nos. 75-1286 and 75-1920.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 1, 1976.
 
 Smathers & Thompson, Cromwell A. Anderson, Shepherd D. Johnston, Miami, Fla., for plaintiff-appellant in both cases.
 Mallory H. Horton, Starr W. Horton, Miami, Fla., for defendants-appellees in both cases.
 Appeals from the United States District Court for the Southern District of Florida.
 Before BROWN, Chief Judge, and JONES and GOLDBERG, Circuit Judges.
 JONES, Circuit Judge:
 
 
 1
 The two appeals here decided arise from the same case. Appeal 75-1286 is from a judgment on the merits of the cause. Appeal 75-1920 questioned the taxing against the appellant, Jack Farber, as costs, of an appraisal fee by a separate judgment.
 
 
 2
 A small group in South Florida became dissatisfied with the congestion on the golf courses on which they were accustomed to play. They acquired a tract of land, laid out a golf course, built a club house, formed the Rolling Hills Golf and Country Club, organized Servan Land Company, Inc., and conveyed the land to it. Seven hundred shares of stock were issued. There were ten stockholders.[1] The appellee, Charles S. Serianni, was a defendant in the district court. He was one of two stockholders who were legal residents of Florida. He was President of the corporation and the owner of 187 shares of its stock. The appellee, A. I. Savin, a defendant, was Vice President of the corporation and the owner of 2161/2 shares of stock. The fifth largest stockholding was 60 shares, a little more than 81/2 per cent of the whole, owned by the plaintiff below and the appellant here, Jack Farber.
 
 
 3
 At a stockholders' meeting there was discussion of the possibility of acquiring a tract of land adjacent to the corporation's property. The matter was not pursued.
 
 
 4
 Serianni and Savin purchased 160 acres adjacent to the property of the corporation. Thereafter both tracts were sold to the same purchaser. Each contract of sale was conditioned upon the execution of the other. Of the aggregate sale price $5,000,000 was allocated to the corporation and $3,353, 700 was allocated to the individuals.
 
 
 5
 Farber, invoking diversity federal jurisdiction, brought an action for himself and other minority stockholders against the corporation and the majority stockholders, Serianni and Savin, charging that the majority stockholders, as such and as directors, breached their fiduciary duty to the corporation by acquiring for themselves the adjacent land which, he asserted, was a corporate opportunity.[2]
 
 
 6
 Findings of fact and conclusions of law were included in a memorandum opinion of the district court. Judgment was entered for the defendants. The plaintiff Farber has appealed.
 
 
 7
 Twice in its findings the district court determined that Serianni and Savin should have offered the adjacent land to the corporation before purchasing it for themselves[3]. The district court stated that "the testimony of Mr. Forman, a minority stockholder (15 shares), is persuasive that the golf course should not have been built without acquiring all of the perimeter land * * *." The persuasion was not enough to deter the district court from holding that "The (adjacent) property had no substantial relation to the corporation's primary purpose of operating a golf course * * *." The doctrine of corporate opportunity is not applicable if the opportunity does not fit into the present activities of the corporation or fit into an established corporate policy which the acquisition of the opportunity would forward. Fletcher, supra, 211. The district court determined that "the 160 acres did not constitute a corporate opportunity." But if, as seems to be clearly expressed, there was no corporate opportunity, why should, as is three times stated, Serianni and Savin have offered the 160 adjacent acres to the corporation? The holdings are inconsistent.
 
 
 8
 Among the conclusions of the district court is the following:
 
 
 9
 "In addition, the court concludes that defendants Serianni and Savin have satisfactorily sustained the burden of explaining this transaction and establishing its propriety because of the benefit to the corporation by their holding the abutting property and being willing to aggregate it with the corporate property at the time of sale."
 
 
 10
 The terms in which the foregoing is cast[4] suggest that it may have been intended only as a makeweight added on to the determination that no corporate opportunity existed. However, the inconsistency of the holding that Serianni and Savin should have offered the 160 acre tract to the corporation with the determination that no corporate opportunity existed creates a doubt as to the effect to be given to the quoted language. The doubt, and the inconsistency which create the doubt, should be resolved by the district court.
 
 
 11
 If the corporate opportunity doctrine is otherwise applicable[5] it is not made inapplicable by the realization of a substantial gain from a fortuitous sale of its assets at the same time as the sale of the property asserted to be a corporate opportunity to a lone buyer who would not have bought either property without the other. If a corporate opportunity existed the corporation and its stockholders would have been entitled to the profits from the sale of both parcels.
 
 
 12
 The appellant challenged the apportionment made by Serianni and Savin of the aggregate purchase price between the corporation and themselves. To decide this question the district court found it necessary to appoint an appraiser. Plaintiff and defendants were asked to submit the names of three who were qualified. The district court appointed an appraiser who was on both lists and said that the court would have made the same appointment if it had been without benefit of the recommendation of the parties. The appraiser, valuing the property as of the date of the sale, found the corporate property worth $4,065,915, and the property of the individuals worth $3,950,925, with a total valuation of $8,016,840, a figure which is more than $330,000 less than the actual sale price. The district court found that the appraisal accurately reflects the value of the two parcels as of the date of the acceptance by the corporation.
 
 
 13
 The principal purpose of the appraisal was to determine whether the aggregate price paid for the two parcels was properly allocated. That purpose has been served by the appraisal and, as the district court held, Serianni and Savin gave the corporation and the minority stockholders the better of the deal. Since the judgment on the merits is to be reconsidered, the district court should be in a position to make such changes, if any, as might be required in the judgment for the appraisal fee. Both judgments will be VACATED and the cause REMANDED for further consideration.
 
 
 14
 VACATED and REMANDED.
 
 
 
 [1]
 One stockholding was in two names
 
 
 [2]
 This comparatively new phrase is a rather recent identification of a long existing principle, "The doctrine of 'corporate opportunity' is nothing new to the law. It is but one phase of the cardinal rule of 'undivided loyalty' on the part of fiduciaries. In other words, one who occupies a fiduciary relationship to a corporation may not acquire, in opposition to the corporation, property in which the corporation has an interest or tangible expectancy or which is essential to its existence." 3 Fletcher Cyclopedia Corporations 1975 Rev. vol. 208
 
 
 [3]
 In one of the findings it was said "that it would have been preferable for Serianni and Savin" to have called a meeting of the stockholders and given them a chance to acquire the property for the corporation
 
 
 [4]
 "In addition the court concludes * * * "
 
 
 [5]
 This Court does not determine this issue. It may be reconsidered by the district court on the remand of this cause