595 So.2d 105 (1992)
Matthew COHEN, Appellant,
v.
J. Michael HATTAWAY, etc., et al., Appellees.
No. 91-1284.
District Court of Appeal of Florida, Fifth District.
February 7, 1992.
Rehearing Denied March 16, 1992.
*107 Mark P. Lang of Lang & Baker, Attorneys at Law, Orlando, for appellant.
Stephen H. Coover of Hutchison, Mamele & Coover, Sanford, for appellees.
COWART, Judge.
Cohen, a shareholder of a closed corporation, sued certain directors of the corporation on behalf of the corporation and individually. The shareholder appeals from an order dismissing his fifth amended complaint with prejudice.
The shareholder sued the defendant directors/officers in four counts. The shareholder alleged that he and the defendants formed the corporation for the purpose of purchasing and reselling real property. The shareholder alleged that he is a 50% shareholder of the corporation and had provided 90% of the capital funds for investment by the corporation while each of the three defendants is an officer and director of the corporation and each owns 16 2/3% of the shares of the corporation.
Count I is a shareholder's derivative action for breach of fiduciary duty, alleging that the defendant J.M. Hattaway purchased certain real property (Big Tree property) from the corporation and then transferred one-half of the property to defendant J.R. Hattaway. The count continues that the defendant directors/officers then developed and resold the property at a profit and kept the profit for themselves and that the third defendant director/officer, Zabel, actively participated in these activities or knew about them but did nothing to protect the corporation's interests. The shareholder alleged that the development and resale of the former corporate property was a significant bona fide corporate opportunity and that the defendants' activities constituted a breach of their fiduciary duties to the corporation.
Count II was styled as another shareholder's derivative action for breach of fiduciary duty and alleged that J.M. Hattaway took $31,000 of the corporation's money (by a check co-signed by Zabel) and purchased, in his own name, a parcel of real property (Lake Cockran property). The count alleges that J.M. Hattaway resold the property at a profit and kept the proceeds of the sale for himself. The count continues that this transaction was a significant corporate opportunity and that Zabel and J.R. Hattaway actively participated in or knew about these activities but took no action to protect the corporation's interest.
The trial court construed Counts I and II as attempting to allege multiple causes of action. The court construed Count I to attempt to allege improper purchase by a director of corporate property and also usurpation of a corporate opportunity. The court construed Count II to attempt to allege conversion as well as usurpation of a corporate opportunity.
The trial court found that the allegation of improper purchase in Count I was defective because "it does not allege the transaction was not fair specifically with regard to the purchase price paid." Corporate directors and officers owe a fiduciary obligation to the corporation and its shareholders and must act in good faith and in the best interest of the corporation. Tillis v. United Parts, Inc., 395 So.2d 618 (Fla. 5th DCA 1981). These fiduciary obligors cannot, either directly or indirectly, in their dealings on behalf of the fiduciary beneficiary with others, or in any other transaction in which they are under a duty to guard the interests of the fiduciary beneficiary, make any profit or acquire any other personal benefit or advantage, not also enjoyed by the fiduciary beneficiary, and if they do, they may be compelled to account to the beneficiary in an appropriate action. Seestedt v. Southern Laundry, Inc., 149 Fla. 402, 5 So.2d 859 (1942). See Tinwood, N.V. v. Sun Banks, Inc., 570 So.2d 955 (Fla. 5th DCA 1990). A fiduciary obligor is *108 not precluded from contracting with his beneficiary. A purchase, by a fiduciary obligor of property belonging to the fiduciary beneficiary is not void but rather is voidable at the option of the fiduciary beneficiary, with the burden of showing the validity of such a contract and the fairness and honesty of such a transaction being on the fiduciary obligor. Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932); Chipola Valley Realty Co. v. Griffin, 94 Fla. 1151, 115 So. 541 (1927); Corr v. Leisey, 138 So.2d 795 (Fla. 2d DCA 1962).
Under these principles, Count I sufficiently alleges breach of fiduciary duties against the fiduciary obligor J.M. Hattaway by self-dealing. The fairness of the transaction is a defense to the claim of self-dealing.
Count II adequately states a cause of action for conversion by alleging that J.M. Hattaway took money belonging to the corporation, bought certain real property with this money, titled the property in his own name, never returned the money to the corporation, sold the property and kept the proceeds of the sale for himself.
Counts I and II further sought to allege breach of corporate opportunities. The trial court concluded that in order for a corporate opportunity to be found, there "must be an existing right in the subject property or a [sic] expectancy arising out of an existing right in the property or the property must be essential to the corporate existence." The shareholder argues that the court misapprehended the concept of corporate opportunity and erroneously concluded that Counts I and II contained insufficient allegations that a corporate opportunity had been appropriated.
If a fiduciary obligor acquires "in opposition to the corporation, property in which the corporation has an interest or tangible expectancy or which is essential to its existence" he violates the doctrine of corporate opportunity. Farber v. Servan Land Co., Inc., 662 F.2d 371 (5th Cir.1981) (Florida law).
Florida recognizes the concept of appropriation of a corporate opportunity. News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741 (1941); Pan American Trading & Trapping, Inc. v. Crown Paint, Inc., 99 So.2d 705 (Fla. 1957). In Farber v. Servan Land Co., Inc., the Fifth Circuit explained:
Florida has long recognized the doctrine of corporate opportunity, [citations omitted] and has described a corporate opportunity as a business opportunity in which the corporation has an interest for a "valid and significant corporate purpose." Pan American Trading & Trapping v. Crown Paint, Inc., 99 So.2d 705, 706 (Fla. 1957). See Corr v. Leisey, 138 So.2d 795, 799 (Fla.App. 1962). The opportunity need not be "of the utmost importance to the welfare of the corporation," Pan American, 99 So.2d at 706, to be protected from preemption by the corporation's directors and officers. As we elaborated in the first appeal of this case, however, the opportunity must "fit into the present activities of the corporation or fit into an established corporate policy which the acquisition of the opportunity would forward." Farber [v. Servan Land Co., Inc.], 541 F.2d 1086 at 1088 [5th Cir.1986].
In footnote 6, the court explained:
"`Whether in any case an officer of a corporation is in duty bound to purchase property for the corporation, or to refrain from purchasing property for himself, depends upon whether the corporation has an interest, actual or in expectancy, in the property, or whether the purchase of the property by the officer or director may hinder or defeat the plans and purposes of the corporation in the carrying on or development of the legitimate business for which it was created.'" 3 Fletcher, § 861.1 at 234.
Thus, in order to show a corporate opportunity, a pleader must allege: (1) the existence of a business opportunity, (2) which fits into the present activities of the corporation or into an established corporate policy which acquisition of the opportunity would forward. Contrary to the trial court's conclusions, the corporation need *109 not have an existing right in the business opportunity (property) and the opportunity need not be "of the utmost importance to the welfare of the corporation," Pan American v. Crown Paint, 99 So.2d at 706, in order for a corporate opportunity to be found.
Count I alleges that the corporation had been formed for the purpose of "purchasing and reselling real property" and that J.M. Hattaway purchased the Big Tree property from the corporation and proceeded with J.R. Hattaway to develop said property and resell it at a profit. Count I alleges that the development and resale of the property was a
significant bona fide corporate opportunity within the proper course and scope of the Corporation's business and fit into established corporate policy which the opportunity would forward[,]
but Count I never alleges that development of real property was a present activity of the corporation and thus fit into an established corporate policy. While a fiduciary obligor is precluded from appropriating for himself a business opportunity that belongs to the fiduciary beneficiary, Pan American v. Crown Paint, a fiduciary obligor is not precluded from entering into and engaging in another business enterprise similar to but separate from the fiduciary beneficiary if he is in good faith and refrains from interference with the business of the beneficiary. Renpak, Inc. v. Oppenheimer, 104 So.2d 642 (Fla. 2d DCA 1958). While Count I sufficiently alleges self-dealing in that J.M. Hattaway purchased property from a corporation in which he was a director/officer, it does not adequately allege that the defendants, by developing and then reselling the property, appropriated a corporate opportunity.
In contrast, Count II alleges that J.M. Hattaway bought the Lake Cockran property with corporate funds, placed title in his own name and then resold the property at a profit, retaining the proceeds of the sale for himself. These allegations sufficiently allege the existence of a business opportunity which fit into the present activities of the corporation. The allegations against J.R. Hattaway and Zabel however, which merely are that they actively participated in or knew about the activities, do not allege any facts showing that they themselves appropriated a corporate opportunity.
In summary, Count I adequately alleges a cause of action for breach of fiduciary duties by self-dealing against J.M. Hattaway. Count II adequately alleges causes of action for conversion and for breach of fiduciary duties against J.M. Hattaway by appropriation of a corporate opportunity. The trial court's order dismissing Counts I and II as to J.M. Hattaway is reversed. The remainder of the trial court's order, which dismissed Counts III and IV, is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.