189 So.2d 262 (1966)
M.R. COLLINS, Appellant,
v.
COLLINS FRUIT COMPANY, and Harold M. Collins, Appellees.
No. 5833.
District Court of Appeal of Florida. Second District.
August 5, 1966.
*263 V.R. Fisher and Forrest O. Hobbs, Tampa, for appellant.
W.N. Burnside and Thomas P. Biondino, Tampa, for appellees.
PIERCE, Judge.
This is an appeal by M.R. Collins, plaintiff in the Court below, to review an adverse final decree adjudging an employment contract between Collins Fruit Company and the plaintiff to be null and void, and awarding said appellee company the sum of $2,479.36 upon its counterclaim. M.R. Collins will be hereinafter referred to as plaintiff; Collins Fruit Company as the corporation; and Harold M. Collins (son of plaintiff) as appellee.
The suit is the outgrowth of a family feud which disrupted the operation and financial stability of a family corporation which was owned, directed and operated by the plaintiff and his wife and the appellee. The feud further resulted in the cancellation of the employment contract between the corporation and the plaintiff. Such cancellation was accomplished by the wife and son meeting as a majority of the directors and stockholders of the corporation. The plaintiff filed suit to reinstate the contract of employment, and to review certain financial dealings of his son which the plaintiff alleged were detrimental to the corporation and himself. The appellee answered the complaint and filed a counterclaim against plaintiff alleging mismanagement of the corporation, and demanded recovery of certain funds that were a result of this mismanagement.
After a review of all the evidence presented to the lower Court concerning the many transactions involved, the Chancellor entered his Final Decree finding that the employment contract was invalid, presumably because it was signed by the plaintiff as party of the first part and also as party of the second part. He further found, after considering the financial matters, that the corporation should recover $2,479.36 from the plaintiff.
The plaintiff appeals to this Court raising six questions each dealing with a separate and independent occurrence or transaction. Our careful review of the record satisfies us that five of the six points are essentially factual, but that they are supported by substantial evidence, and we will therefore dispense with any discussion concerning them. We take cognizance, however, of the lower Court's conclusion as to the employment contract between the plaintiff and the corporation. We do not disagree with the Chancellor's factual holding, but we feel that the legal effect thereof leads to a contrary conclusion. See Green v. Putnam, Fla. 1957, 93 So.2d 378.
*264 The record reveals the following facts pertaining to the employment contract:
(a) Prior to incorporation on August 11, 1960, the business in question was operated by the plaintiff as the sole owner. He had built the business by his own efforts over the years into a successful fruit dealership.
(b) The August 11, 1960 incorporation divided ownership of the business into three parts. The plaintiff took 20,000 shares of stock; the son took 20,000 shares of stock; and the wife received 5,000 shares.
(c) In order to define the duties of those involved, and to execute the purpose of the corporation, all of the owners and directors met and executed two employment contracts; one between the plaintiff and the corporation, and the other between the son and the corporation.
(d) The plaintiff's contract, dated September 14, 1960, was to be in effect for five (5) years. It made plaintiff general manager of the corporation at an annual salary of $12,000.00 a year plus 25% of its net earnings before income taxes. The son's contract was substantially the same, naming him assistant manager of the corporation with a salary of $3,600.00 per year, plus 25% of the gross profit.
(e) The contracts were drawn by the corporation's attorney and executed in the presence of all three shareholders and directors.
(f) For approximately two years thereafter, all of the corporate shareholders acquiesced in, recognized, and abided by the contracts; until the internecine dissention erupted.
(g) The feud resulted in the separation of the plaintiff and his wife, which marriage was terminated by a final decree of divorce on September 13, 1963. Two weeks later, on September 25, 1963, plaintiff was informed that his employment contract was cancelled as of September 9, 1963.
(h) Although the Chancellor decreed the contract to be invalid, he allowed the plaintiff to recover $3,610.31 employment monies, "since all parties interested in the corporation participated in the acts and doings of said corporation and received the benefits thereof * * *."
In support of the Chancellor's decree, appellee first alleges that the corporation was without power to enter into the employment contract with plaintiff. It is a well established principle that a corporation has the implied power to do all necessary acts to accomplish the objects of its creation and to perform its authorized functions. 19 C.J.S. Corporations § 945(a), p. 373; Orlando Orange Groves Co. v. Hale, 1932, 107 Fla. 304, 144 So. 674. The corporation was formed as a fruit dealership. It developed from a sole proprietorship whose owner had an established reputation in the business. It is our view that the contract placing the plaintiff in the position somewhat of overall manager was essential to the business's continued success.
The appellee argues that the employment contract was an attempt by the plaintiff, as an officer, stockholder and director, to set or fix his own salary contrary to law. In support of this contention appellee cites two cases which contain the principles involved in deciding this appeal. First, the case of Flight Equipment & Engineering Corp. v. Shelton, Fla. 1958, 103 So.2d 615, text 623, states that 
"* * * directors cannot fix their own salaries, as officers, unless expressly authorized to do so by the charter or the stockholders."
In that case, the plaintiff (suing to recover certain compensation allegedly owed to him), was the president and a director of the defendant-corporation. His suit failed because of the above stated principle; however, the Supreme Court clearly implied *265 that if the facts of the case had warranted, the doctrine of estoppel or ratification would have applied. In the present case, such facts are present.
Appellee's second case in support of the Chancellor's decree is Chapman v. St. Stephens Protestant Episcopal Church, 1931, 105 Fla. 683, 136 So. 238. That case outlines the principles to be applied in determining the existence of ratification. It says, text 241, 242:
"* * * a corporation, the same as a natural person, may ratify and become bound by an unauthorized contract made on its behalf by its agent, if the contract is within the scope of its corporate powers and might have been previously authorized by it, and ratification `may be implied from the acquiescence in, or recognition of, the act by the corporation through its proper officer or agent, or from its accepting and retaining the benefits of the act, or from any other acts or conduct which reasonably tends to show an intention to adopt or affirm the act or contract, * * * and provided that at the time of such acts or conduct it has full knowledge of the material facts * * *'".
In the present case, in view of the fact that all interested persons actually participated in the drawing up and execution of the employment contract, in view of the fact that said contract was fully recognized for a period of two years, and the fact that this was a closed family corporation, we conclude that the contract was ratified and affirmed by the corporation, and was therefore valid and binding.
Finally, the appellee contends that the plaintiff failed to comply with the terms of the contract and, therefore, grounds for dismissal were present. There was conflicting evidence upon this point, and inasmuch as the Chancellor made no findings with relation thereto, we cannot initially uphold such contention.
We affirm the lower Court's Final Decree in all aspects except its conclusion regarding the invalidity of the employment contract which we reverse and remand for further proceedings not inconsistent with this opinion.
Affirmed in part; reversed and remanded in part.
ALLEN, C.J., and LOVE, WILLIAM K., Associate Judge, concur.