MANN, Judge.
M. R. Collins ran his business as a sole proprietorship for years, then incorporated it as Collins Fruit Company, with himself, wife and son each holding a minority of the stock and with Collins under a five-year employment contract as President and General Manager. Following a dispute between Collins and his wife, the wife and son sought to have the employment contract held invalid. This court held, 189 So.2d 262, that the contract was valid and that Collins could not be discharged without cause. The wife and son then alleged that M. R. Collins hunted and fished a lot, did not keep the customers happy and issued checks on the corporate account for personal bills. The chancellor heard evidence that Collins hunted and fished, as he had with his wife in happier times, but that the business hadn’t suffered. The only dissatisfied customer to testify was rebutted by the testimony of the witness’ mother, who owned the grove in question. Collins had paid some personal fertilizer bills and attorneys’ fees out of the corporate account, but there was evidence that this was in keeping with a pattern known to and acquiesced in by the wife and son, and that the son himself had used corporate funds for personal purposes. The chancellor required Collins to restore to the corporation sums taken for personal use. His finding that there was no good cause to discharge Collins is supported by adequate evidence and by the law governing closely held family corporations and should not be disturbed. See Etheredge v. Barrow, 102 So.2d 660 (Fla.App.1958).
ALLEN, Acting C. J., and HOBSON, J., concur.