395 So.2d 618 (1981)
John E. TILLIS, Sr. et al., Appellants,
v.
UNITED PARTS, INC. et al., Appellees.
No. 80-844.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
James R. Dressler, Cocoa Beach, for appellants.
Robert T. Westman and L.L. Lovering, Cocoa, for appellees.
COWART, Judge.
Appellants, minority stockholders of a close corporation, filed a stockholder's derivative action against the majority stockholders and the corporation alleging that the majority stockholders, acting as corporate directors and officers, purchased from themselves and for the corporation shares of capital stock of the corporation at a price in excess of its market value. The complaint alleged that while the purchase was made from retained corporate earnings it so financially depleted the corporation that the corporation was required to borrow $10,000 back from the majority stockholders. The trial court dismissed the complaint as failing to state a cause of action. We reverse.
*619 Appellees argue that section 607.017, Florida Statutes (1979), allows corporations to buy their own stock and that all corporate powers are vested in the board of directors. § 607.111, Fla. Stat. (1979). Appellees also refer to cases holding that courts are not to substitute their judgment for a director's in the exercise of a discretionary corporate function. See, e.g., Lake Region Packing Association, Inc. v. Furze, 327 So.2d 212 (Fla. 1976).
Corporate directors owe a fiduciary obligation to the corporation and to the stockholders and must act in good faith and in the best interests of the corporation. Orlando Orange Groves Co. v. Hale, 107 Fla. 304, 144 So. 674 (1932); Chipola Valley Realty Co. v. Griffin, 94 Fla. 1151, 115 So. 541 (1927); Etheredge v. Barrow, 102 So.2d 660 (Fla. 2d DCA 1958). Transactions have been set aside as unfair where a director has acted both on behalf of a corporation and individually. See, e.g., Rowland v. Times Pub. Company, 160 Fla. 465, 35 So.2d 399 (1948); News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741 (1941); Hackley v. Oltz, 105 So.2d 20 (Fla. 3d DCA 1958). Corporate officers, controlling the corporation through ownership of a majority of the stock, have a fiduciary relation to minority stockholders. Hanraty v. Ostertag, 470 F.2d 1096 (10th Cir.1972); Harriman v. E.I. DuPont De Nemours & Co., 372 F. Supp. 101 (D.Del. 1974); Backus v. Finkelstein, 23 F.2d 357 (D.Minn. 1927).
Appellants argue that instead of using retained earnings to pay dividends to all stockholders, appellees as majority stockholders, by using the corporate earned surplus to buy part of their own stock, in effect paid themselves a dividend to the detriment of appellants as minority stockholders, citing Alliegro v. Pan American Bank of Miami, 136 So.2d 656 (Fla. 3d DCA 1962). In Alliegro a majority of the bank stock was owned by a parent corporation, Sottile, Inc. Minority stockholders filed suit alleging that the bank was making preferential dividends to the majority stockholders (the parent) by filing a consolidated tax return whereby the bank's earnings were set off against the parent's losses with the resulting tax savings to the bank being transferred to the parent. The Third District Court, in reversing the trial court's dismissal of the minority stockholder's complaint, held the tax savings payments to be preferential dividends to the majority shareholder and that such payments required the unanimous consent of all stockholders.
An application of these principles to facts similar to those in this case is illustrated by Donahue v. Rodd Electrotype Company of New England, Inc., 367 Mass. 578, 328 N.E.2d 505 (1975). There it was held that the stockholders in a close corporation owed each other the same fiduciary duty as that owed by one partner to another in a partnership and that the action of controlling stockholders in authorizing purchase of stock by the corporation from themselves without granting an equal opportunity to minority stockholders to sell shares for the same price constituted a breach of that fiduciary duty.
Appellee stockholders as directors owed the corporation the duty to buy stock for it at the lowest obtainable price. Therefore the purchase of stock from themselves at any price, if similar stock could have been purchased from appellants at a lower price, constituted a breach of their fiduciary duty to the corporation.
The complaint in this case was sufficient to allege both a breach of fiduciary duty by the appellees as directors to the corporation and a breach of appellees' fiduciary duty as majority stockholders to not utilize their control of the corporation to their advantage as against the minority stockholders. Unless an equal opportunity to sell is given all stockholders, the purchase of shares in a close corporation by controlling stockholders from themselves for the account of the corporation constitutes a preferential distribution of corporate assets and a relative advantage over minority stockholders  the turning of corporate funds to personal use  inconsistent with a *620 fiduciary duty. The order dismissing appellant's complaint is
REVERSED.
DAUKSCH, C.J., and SHARP, J., concur.