432 So.2d 674 (1983)
UNITED PARTS, INC., et al., Appellants/Cross Appellees,
v.
John E. TILLIS, Sr., et al., etc. Appellees/Cross Appellants.
No. 82-663.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
Robert T. Westman and L.L. Lovering, Cocoa, for appellants/cross appellees.
James R. Dressler, Cocoa Beach, for appellees/cross appellants.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a final judgment awarding money damages to appellees.
Appellees John Tillis, Sr., and John Tillis, Jr., were minority stockholders in appellant corporation, United Parts, Inc. Appellants, the Sargents and Mrs. Jones, as directors of the corporation, voted in November, 1977, to repurchase 235 shares of the Sargents' stock for $46,468.90, but did not offer to purchase a proportionate number of shares owned by the minority stockholders. Appellees brought suit and this court, in Tillis v. United Parts, Inc., 395 So.2d 618 (Fla. 5th DCA 1981), held that the corporation was required to give all stockholders an equal opportunity to sell their stock to the corporation. Thereafter, the board of directors in January, 1982, offered to purchase a pro rata portion of the minority stockholders' stock for the same price as the Sargents were paid for their stock. Appellees then sold a portion of their stock to the corporation although other minority stockholders did not.
The parties stipulated that two issues remained to be resolved; first whether appellees were entitled to interest from the corporation from November, 1977 to February, *675 1982, when their shares were purchased, and second, whether they were entitled to attorney's fees under section 607.147(5), Florida Statutes (1981). The trial court entered a judgment for interest, but denied attorney's fees.
Appellees contended they were entitled to interest since otherwise they will not be in the same position as the majority stockholders who, having sold their stock to the corporation in November, 1977, have had the use of the proceeds for over four years. Appellants argued that if interest is permitted it would, in essence, amount to a preferential dividend being given to some of the stockholders to the detriment of others, such as the stockholders who decided not to sell. See Alliegro v. Pan American Bank of Miami, 136 So.2d 656 (Fla. 3d DCA 1962). Appellants further argue that in Donahue v. Rodd Electrotype Company of New England, Inc., 367 Mass. 578, 328 N.E.2d 505 (1975), a Massachusetts case relied upon by this court in its earlier opinion, the court specifically stated that the minority stockholders would not be entitled to interest on the money due them.
No case directly in point has been cited from Florida, nor have we been able to find any, but we conclude that the trial court was correct in awarding the appellees interest. The other minority stockholders could have availed themselves of the same opportunity if they had so elected. Indeed, even this does not completely place appellees in the same relative position as that of the majority stockholders. The interest payment from the corporation is, in result, shared by all the stockholders, the minority as well as the majority stockholders. The only way the minority stockholders could have avoided this result would have been to require the majority stockholders to pay to the corporation the interest they should have earned during the period they had the use of the money received for their shares. Only if the interest was paid by the majority stockholders would all be in approximately the same relative position, but that question is not presented by this appeal.
As to the second question, we conclude that appellees were not entitled to attorney's fees. Section 607.147(5), Florida Statutes (1981), dealing with shareholder derivative suits, provides:
If the action on behalf of the corporation is successful, in whole or in part, or if anything is received by the plaintiff or plaintiffs as the result of a judgment, compromise or settlement, the court may award the plaintiff or plaintiffs the reasonable expenses of maintaining the action, including reasonable attorneys' fees, and direct him or them to account to the corporation for the remainder of the proceeds so received by him or them. This subsection shall not apply to any judgment rendered for the benefit of injured shareholders only and limited to a recovery of the loss or damage sustained by them.
The court correctly noted that the plaintiffs (appellees) recovered nothing for the corporation and the action benefited only themselves and the other minority stockholders who chose to sell their stock. Therefore, the statute is not applicable and attorney's fees were properly denied.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.