PATTERSON, Judge.
The defendants appeal a final summary judgment which awards the plaintiff $42,-755.48 in this shareholder’s derivative action. We reverse that award and direct the trial court to enter judgment for the defendants.
Plaintiff Fredrich Morse filed a shareholder’s derivative action under section 607.147, Florida Statutes (1985), against defendants Joseph G. Granicz, Robert T. Granicz, and Palm Manor, Inc., a dissolved Florida corporation, and alleged that Joseph Granicz and Robert Granicz, majority stockholders, had received an “illegal distribution of corporate assets.” The defendants filed a motion for summary judgment which recited the facts believed to be undisputed. The plaintiff also filed a motion for summary judgment and stated, “The facts are undisputed and the Defendants have admitted these facts in their Motion For Summary Judgment.” The defendants’ motion for summary judgment states in pertinent part (citations to the record omitted):
1. The undisputed facts are as follows:
(a) The shareholders of Palm Manor, Inc., were
Joseph G. Granicz - 31%
Fredrich G. Morse - 24.5%
Robert T. Granicz - 24.5%
Harold L. Keathley - 20%
(b) It was necessary for the shareholders to loan money to the corporation, and the shareholders discussed how to repay the loan. Joseph Granicz, Robert Gran-icz and Keathley, representing 75.5% of the stock, verbally agreed and resolved that stockholders who provided excess loans over and above their stock percentages should be repaid such excess loans first, and if any surplus funds were available, stockholder loans would be repaid according to proportionate stock interest. Morse dissented from this plan, *104 but along with other shareholders he loaned money to the corporation. The loans by shareholders were:
Granicz (55.5% of stock) $319,363.04 (73% of loans)
Keathley (20% of stock) 38,865.73 (9% of loans)
Morse (24.5% of stock) 77,048.12 (18% of loans)
The total cash available for repayment of shareholder loans was $99,751. The shareholders met on November 7, 1985, and J. Granicz, R. Granicz and Keathley voted to disbursement of these funds in a manner consistent with the earlier verbal resolution. Morse voted “no.” The entire sum was disbursed to Joseph and Robert Granicz.
A final reconciliation shows that the Graniczes’ loan balance still exceeds their proportionate share by $12,970.75, while Morse’s loan balance is $12,551.58 less than his proportionate share, and Keathley’s is $276.88 less than his share.
On these facts, the trial court denied the defendants’ motion and granted the plaintiff’s motion and entered final summary judgment for Morse against the Graniczes. The trial court’s rationale was based on the concept of the majority shareholders’ fiduciary duty to minority shareholders. The court awarded Morse $24,438.99 on his claim, together with prejudgment interest from November 7, 1985, of $17,690.06 and costs of $626.40, for a total judgment of $42,755.48. This timely appeal followed.
The plaintiff contends that majority shareholders have a fiduciary duty to not use their control of the corporation in their favor to the disadvantage of minority shareholders. See Tillis v. United Parts, Inc., 395 So.2d 618 (Fla. 5th DCA 1981). That principle, however, does not control the disposition of this case. The loan repayment plan did not give an unfair advantage to majority shareholders. Under this majority-endorsed agreement, any shareholder who loaned more than his proportionate stock interest would be repaid such excess amount first.
The shareholders made corporate loans from 1980 through 1985. The four shareholders discussed repayment provisions and only the plaintiff dissented from the plan to repay loans in excess of proportionate stock interest first. While the plaintiff did not agree with the repayment formula, his deposition establishes that he was aware of the verbal plan for repayment before he made any corporate loans. As the defendants aptly argue, “Morse knew the rules of the game before he loaned his money.” Under these circumstances, the plaintiff assumed the conditions and cannot now claim that the majority shareholders acted improperly.
Accordingly, we reverse the final summary judgment for the plaintiff and remand the cause for the trial court to enter final summary judgment for the defendants.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER, J., concur.