### In re Roy W. TALMO, Debtor.

**Soneet R. KAPILA, Trustee for the Estate of Data Lease Financial Corporation, Plaintiff,**

v.

**Roy W. TALMO, Defendant.**

**Bankruptcy No. 93–32745–BKC–RAM.
Adv. No. 94–0440–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

Dec. 6, 1994.

David C. Profilet, Profilet & Associates, Miami, FL, for plaintiff.

Robert L. Roth, Robert L. Roth, P.A., Miami, FL, for defendant.

## AMENDED MEMORANDUM OPINION [1]

ROBERT A. MARK, Bankruptcy Judge.

Plaintiff, Soneet R. Kapila, the Trustee for the bankruptcy estate of Data Lease Financial Corporation ("Trustee" or "Kapila"), has filed a motion for summary judgment on a complaint against the Defendant and Debtor in this case, Roy W. Talmo ("Debtor" or "Talmo") to except a debt from discharge. The complaint asserts that a debt arising from an order granting summary judgment against Talmo in the bankruptcy case of Data Lease Financial Corporation, for avoidance and recovery of a preferential transfer, is nondischargeable in Talmo's bankruptcy case

---

1. The Court is issuing this Amended Memorandum Opinion to make certain corrections to its Memorandum Opinion dated December 2, 1994. Specifically, the Court erroneously cited to *Matter of Bennett*, 970 F.2d 138 (5th Cir.1992), an opinion which was withdrawn and superseded by *Matter of Bennett*, 989 F.2d 779 (5th Cir. 1993), for certain legal principles which the Fifth Circuit reaffirmed in the later opinion. The substantive basis for this Court's ruling is unchanged, and the order denying Trustee's motion for summary judgment and granting summary judgment for Debtor, and final judgment, entered December 2, 1994, remain in full force and effect.

pursuant to 11 U.S.C. § 523(a)(4). The Trustee's motion for summary judgment was heard on November 29, 1994. For the reasons discussed below, the Court denies the Trustee's motion for summary judgment, and grants summary judgment in favor of Talmo.

## FACTUAL AND PROCEDURAL HISTORY

The relevant facts are not in dispute, pursuant to the stipulated pretrial order agreed to by the parties. The Debtor was an officer and director of Data Lease Financial Corporation ("Data Lease"), and is also the sole shareholder of Funding, Inc., which owns and holds at least 80% of the issued outstanding equity securities of Data Lease. On or about May 15, 1991, Talmo caused Data Lease to pay to himself $400,000, less withholding and federal income taxes, in satisfaction of past due salary allegedly owed to him. At the time of the transfer, Data Lease was insolvent and was not actively engaged in business.

An involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Data Lease on March 10, 1992. Soneet R. Kapila was appointed trustee. As Trustee of Data Lease, Kapila filed an adversary proceeding against Talmo in the Data Lease bankruptcy, alleging that the $400,000 transfer was avoidable as a preferential or fraudulent transfer, and also asserting causes of action for unjust enrichment and conversion. On May 14, 1993, the Court entered an order granting summary judgment on the preferential transfer cause of action, finding Talmo liable to the Trustee for the sum of $400,000 (the "Preference Order"). The Trustee has received $46,451.09 in partial satisfaction of the debt.

Talmo filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 13, 1993. The Talmo bankruptcy was converted to a case under Chapter 7 by order dated November 10, 1994. Kapila, as Trustee for Data Lease, filed a proof of claim in Talmo's case in the amount of $353,548.91, plus interest and costs, and also filed the complaint in this proceeding to except the debt from discharge. The Trustee now has moved for summary judgment pursuant to

Fed.R.Civ.P. 56, made applicable by Fed. R.Bankr.P. 7056.

## DISCUSSION

Pursuant to Rule 56, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Trustee's complaint is based upon 11 U.S.C. § 523(a)(4), which excepts from discharge "any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Specifically, the Trustee alleges that the Preference Order establishes a debt for fraud or defalcation while acting in a fiduciary capacity. The threshold issue on the Trustee's motion is whether the Debtor was "acting in a fiduciary capacity" when he directed and received the preferential payment.

The concept of fiduciary capacity for purposes of § 523(a)(4) is a question of federal law, but state law is important in determining whether a trust relationship exists. *In re Touchstone*, 149 B.R. 721, 727 (Bankr.S.D.Fla.1993). Fiduciary capacity should be narrowly defined, and the principle applies only to technical or express trusts that exist prior to the act which creates the debt. *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir.1993); *Matter of Bennett*, 989 F.2d 779, 784 (5th Cir.1993). The "technical or express trust requirement" is not limited to formal contractual trust agreements, however, but can include relationships in which trust type obligations are imposed pursuant to statute, or potentially by common law. *Quaif*, 4 F.3d at 954; *Bennett*, 989 F.2d at 785; *Touchstone*, 149 B.R. at 727.

The Trustee argues that corporate officers and directors owe a fiduciary duty to the corporation and its creditors under Florida statutory and common law. Specifically, the Trustee points to *Fla.Stat.* § 607.0830, which provides:

(1) A director shall discharge his duties as a director, including his duties as a member of a committee:

(a) In good faith;

(b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and

(c) In a manner he reasonably believes to be in the best interests of the corporation.

Furthermore, some courts have found without specific reference to statute that Florida law imposes upon officers and directors fiduciary obligations to the corporation. *See, e.g., In re Huff,* 109 B.R. 506, 511 (Bankr. S.D.Fla.1989), citing *Tillis v. United Parts, Inc.,* 395 So.2d 618 (Fla. 5th DCA 1981) and *B & J Holding Corp. v. Weiss,* 353 So.2d 141 (Fla. 3d DCA 1977).

■ The flaw in the Trustee's argument is that the rather broad concept of "fiduciary duty" under state law is not equivalent to the narrower bankruptcy meaning of "fiduciary capacity" for purposes of § 523(a)(4). In order for statutory or common law to establish "fiduciary capacity," the law must create an express or technical trust relationship. *Quaif,* 4 F.3d at 954–55. While Florida statutes and caselaw may impose on officers and directors general obligations of good faith and fair dealing that can be described as "fiduciary duties," this does not mean that an officer or director acts in an express or technical "fiduciary capacity"—as a trustee—of corporate assets.

In this sense, *Fla.Stat.* § 607.0830 is fundamentally different from the former § 607.301 (repealed in 1989) relied upon to establish a trust relationship in *In re Menendez,* 107 B.R. 789 (Bankr.S.D.Fla.1989). The former § 607.301 expressly provided, as to dissolved corporations, that "directors of the corporation at the time of its dissolution shall thereafter be and constitute a board of trustees for any property owned or acquired by the dissolved corporation." In contrast, § 607.0830 does not, by its terms, create a comparable express trust relationship.

To the extent that the Court in *Huff* found that the more general fiduciary duties imposed on officers and directors by Florida law were sufficient for purposes of § 523(a)(4), that decision did not have the benefit of subsequent Circuit Court authority describing the more narrow construction to be accorded "fiduciary capacity," including *Quaif* and *Bennett.* Absent a Florida statute creating a trust relationship or Florida case-law finding corporate officers or directors to be trustees over corporate assets, there is no basis here for a claim of nondischargeability under § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity. The Debtor may have had complete control over Data Lease. Moreover, the Trustee may be able to prove that Talmo breached his statutory duty to act in good faith and in the best interests of Data Lease by directing and accepting the preferential payment. These facts, even if proven, would still be insufficient to establish a § 523(a)(4) claim, since under Florida law the Debtor, as an officer and director of Data Lease, was not acting in a "fiduciary capacity" when the payment was made.

■ Accordingly, the Trustee's motion for summary judgment must be denied. Furthermore, because the Trustee can not, as a matter of law, establish an essential element of his cause of action under 11 U.S.C. § 523(a)(4), the Court will grant summary judgment in favor of the Debtor notwithstanding the absence of a cross-motion. *See British Caledonian Airways Ltd. v. First State Bank of Bedford, Texas,* 819 F.2d 593, 595 (5th Cir.1987) (motion for summary judgment opens the door to allow court to grant summary judgment for non-moving party); *Landry v. G.B.A.,* 762 F.2d 462, 464 (5th Cir.1985) (court may grant summary judgment against movant even though opposing party has not filed motion); *United States v. Grayson,* 879 F.2d 620, 625 (9th Cir.1989) (court may grant summary judgment without notice if the losing party has had a full and fair opportunity to ventilate the issues involved in the motion). The parties' stipulated pretrial order put the Trustee on clear notice that the Debtor's fiduciary capacity. was contested, and the Trustee had a full and fair opportunity to argue that issue at hearing. Accordingly, the Court will enter a separate order in accordance with this opinion granting summary judgment in favor of the Debtor on the Trustee's complaint.