Mr. Theodore W. Herzog Fellsmere Water Control District 1101 Simonton Street Key West, Florida 33040
Dear Mr. Herzog:
As attorney for the Fellsmere Water Control District you have asked for my opinion on substantially the following question:
May a private corporation be elected to the board of supervisors of the Fellsmere Water Control District pursuant to Chapter 298, Florida Statutes, and serve in that capacity through an officer of the corporation?
In sum:
It is my opinion that a corporation may not, through an officer of the corporation, be elected pursuant to Chapter 298, Florida Statutes, to the board of supervisors of the Fellsmere Water Control District. Nothing in this opinion would preclude officers, agents, or employees of a private corporation from seeking office on their own behalf as a member of the board of supervisors of the Fellsmere Water Control District so long as they satisfy the requirements of section 298.11, Florida Statutes.
According to your letter several large corporate landowners are located within the Fellsmere Water Control District ("the district"). In an acre-by-acre comparison, corporate ownership of property in the district prevails over private ownership. You ask whether a corporation can qualify for purposes of being a member of the board of supervisors of the district.
The Fellsmere Water Control District is an independent special district created pursuant to circuit court decree and Chapter 298, Florida Statutes, and exists entirely within Indian River County.[1] Special districts are local units of special purpose government created by general law, special act, local ordinance, or rule of the Governor and Cabinet.[2]
Chapter 298, Florida Statutes, provides for landowners' meetings and for elections of boards of supervisors for water control districts.[3] The board of supervisors is to be made up of owners of the lands in the district and residents of the county or counties in which the district is located.[4] For purposes of these elections
"each and every acre of land in the district shall represent one share, and each owner shall be entitled to one vote in person or by proxy in writing duly signed, for every acre of land owned by him or her in the district, and the . . . persons receiving the highest number of votes shall be declared elected as supervisors. . . ."[5]
While no definition of the term "landowner" is contained in Chapter 298, Florida Statutes, the term "[o]wner" is defined as
"the owner of the freehold estate, as appears by the deed record. The term does not include reversioners, remaindermen, or mortgagees, who are not to be counted and need not be notified by publication or served by process, but are to be represented by the present owners of the freehold estate in any proceeding under this chapter."[6]
The statute provides that for purposes of elections of boards of supervisors, certain entities that are not natural persons but hold title to property may vote:
"The Department of Environmental Protection, at any such meeting, may represent the state, and shall have the right to vote for supervisors, or upon any matter that may come properly before said meeting to the extent of the acreage owned by the state in such district, provided such acreage is subject to assessment by the water control district, which vote may be cast by any person designated by said department. Guardians may represent their wards, executors and administrators may represent estates of deceased persons, and private corporations may be represented bytheir officers or duly authorized agents. The owners and proxy holders of district acreage who are present at a duly noticed landowners' meeting shall constitute a quorum for the purpose of holding such election or any election thereafter."[7] (e.s.)
Thus, the statute recognizes that private corporations may vote in elections and may be represented by their officers or duly authorized agents.
In light of the authority of a private corporation to vote in an election of supervisors to the board, and the large amount of property in the district that is owned by private corporations, you ask whether a corporation may be elected to the board of supervisors of a water control district and serve in that capacity through an officer of the corporation.
The powers of a corporation are distinctly different from those of a natural person. A natural person can do anything not forbidden by law, while a corporation can do only what is expressly or impliedly authorized by its charter.[8] In general, a corporation must exercise its powers in accordance with the requirements of its charter or controlling statutory authority.[9] Florida law recognizes that a corporation has only those powers that are authorized by its articles of incorporation and by statute, plus such implied or incidental powers to do whatever is reasonably necessary to effectuate those powers and to accomplish the purposes for which it was formed.[10]
An implied power of a corporation must tend directly and immediately to accomplish the object of the corporation's creation. An incidental or implied power need not be usual or indispensably necessary to accomplish a matter, but it must be naturally and reasonably adapted and appropriate to that end. The mere fact that a proposed act will be beneficial or profitable to the corporation is not sufficient justification.[11]
An incidental or implied power exists only for the purpose of enabling a corporation to carry out the powers expressly granted to it, that is, the powers necessary to accomplish the purpose for which it was created. In no case can a corporation seek to enlarge its express powers and thereby justify the commitment of its efforts and capital to purposes other than those its charter expressly authorizes, or to engage in collateral enterprises that are only remotely connected with its specific corporate purposes.[12]
Based on these considerations, I cannot conclude that campaigning for election to and holding a public office such as a member of the board of supervisors of a water control district would appear to be within either the express or implied powers of a private corporation. Therefore, it is my opinion that pursuant to Chapter 298, Florida Statutes, a corporation may not, through an officer of the corporation, serve as a supervisor of the Fellsmere Water Control District.
Nothing in this opinion would preclude officers, agents, or employees of a private corporation from seeking office on their own behalf as a member of the board of supervisors of the Fellsmere Water Control District so long as they satisfy the requirements of section 298.11, Florida Statutes. Under the statute the members of the board of supervisors must be owners of lands in the district and residents of Indian River County.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Florida Department of Community Affairs, 1999-2000 Official List of Special Districts. (visited May 23, 2000)http://www.dca.state.fl.us/fhcd/programs/sdip/index.htm.
[2] Section 189.403(1), Fla. Stat.
[3] See, s. 298.11, Fla. Stat.
[4] Id.
[5] Section 298.11(2), Fla. Stat. And see, s. 298.12, Fla. Stat., providing for subsequent annual elections for supervisors of water control districts.
[6] Section 298.005(2), Fla. Stat.
[7] Section 298.11(3), Fla. Stat.
[8] See generally, 19 C.J.S. Corporations s. 554.
[9] Id. at s. 556.
[10] See, 8 Fla.Jur.2d Business Relationships s. 85, citingRandall v. Mickle, 138 So. 14 (Fla. 1931); McQuaig v. Gulf NavalStores Co., 47 So. 2 (Fla. 1908); S T Anchorage, Inc. v. Lewis,575 So.2d 696 (Fla. 3d DCA 1991), on remand, 616 So.2d 478 (Fla. 3d DCA 1993), rev. den., 626 So.2d 207 (Fla. 1993).
[11] 19 C.J.S. Corporations s. 558b.; and see, Collins v.Collins Fruit Co., 189 So.2d 262 (Fla. 2d DCA 1966) (corporation has implied power to do all necessary acts to accomplish objects of its creation and to perform its authorized functions.)
[12] Id.